CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JUN 0 3 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MELVIN GARY STAMPER, | ) | |
| Petitioner, | ) | Civil Action No. 7:08-cv-00232 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE JOHNSON, | ) | By: Samuel G. Wilson |
| Respondent. | ) | United States District Judge |

Petitioner Melvin Gary Stamper, proceeding pro se, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the revocation of his previously suspended sentence. The court finds that his claim is moot and, therefore, denies his petition.

### I.

On August 29, 2003, Stamper pled guilty to three counts of organized dog fighting in the Circuit Court of Rockingham County, and the court sentenced him to 15 years incarceration, with 12 years and 27 months suspended. Thereafter, on December 19, 2005, the court found Stamper to be in violation of the terms of his probation and revoked three years of his previously suspended sentence. Stamper did not appeal.

On April 24, 2007, Stamper filed a state habeas petition, raising several claims of ineffective assistance of counsel and one claim of prosecutorial misconduct, all relating to the revocation of his previously suspended sentence. On October 4, 2007, the Supreme Court of Virginia denied all of Stamper's ineffective assistance claims on the merits and denied his prosecutorial misconduct claim as barred under Slayton v. Parrigan, 205 S.E.2d 680, 682 (1974), because he could have raised the claim on direct appeal but did not.

On March 14, 2008, Stamper filed the instant federal habeas petition raising several of the

same ineffective assistance of counsel claims that he raised in state court, the same prosecutorial misconduct claim that he raised in state court, and one new ineffective assistance of counsel claim. Upon receipt of his petition, the court conditionally filed Stamper's case and advised him that his petition appeared to be untimely. The court asked Stamper to provide additional information concerning the timeliness of his petition. Stamper responded and claimed that during the time between his revocation proceeding and his habeas petitions, he had been transferred several times and was without access to his legal documents for a total of approximately seven months. The court kept his case conditionally filed and asked him to provide more detail as to the dates on which he was transferred to and from each facility and the dates on which he did not have access to his legal paperwork. Stamper did not respond to the court's second conditional filing order. However, on May 14, 2008, Stamper provided the court with a notice of his change of address to a private address in Harrisonburg, Virginia and it is clear from that address that Stamper is no longer incarcerated. Further, the court contacted Haynesville Correctional Center, where Stamper was most recently incarcerated, and confirmed that he was released on April 25, 2008.

## II.

Generally, a case becomes moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). Even if a case was live at its inception, an actual controversy must exist during all stages of litigation to satisfy the case-or-controversy requirement of Article III of the U.S. Constitution. Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). Thus, when changes occur during the course of litigation that eliminate the petitioner's interest in the outcome of the case or the petitioner's need for the requested relief, the case must be dismissed as moot. See Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002)

2

"An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement.... Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole – some 'collateral consequence' of the conviction – must exist if the suit is to be maintained." Spencer v. Kemna, 523 U.S. 1, 7 (1998). Unlike a petitioner seeking relief from an original conviction, a petitioner seeking relief from a suspended sentence revocation is not entitled to a presumption of collateral consequences satisfying the case-or-controversy requirement of Article III. E.g., id. at 14. Therefore, where a petitioner seeks to challenge the revocation of his suspended sentence, he must demonstrate a concrete, ongoing injury-in-fact, attributable to the revocation. However, where the term of incarceration imposed by the revocation of a suspended sentence has already expired, a challenge to that revocation becomes moot. E.g., id. at 13-16.

In the instant case, Stamper's term of incarceration imposed by the revocation of his suspended sentence ended when he was released from custody on April 25, 2008. Accordingly, his challenge to the revocation of his suspended sentence is now moot.[1]

### III.

For the reasons stated, the court denies Stamper's § 2254 petition.

ENTER: This 3rd day of June, 2008.

United States District Judge

---

[1] Moreover, it appears Stamper's petition is untimely filed. Stamper did not meet the one-year statute of limitations for filing a federal habeas petition pursuant to 28 U.S.C. § 2244. Stamper had 365 days from January 18, 2006, the date his conviction became final, to file his 28 U.S.C. § 2254 petition. Stamper did not meet this January 18, 2007 deadline; in fact, by that date, Stamper had yet to file his state habeas petition. Further, Stamper has not demonstrated grounds for equitable tolling of the one-year statute of limitations. Even if the court tolled the statute of limitations for the seven months that Stamper allegedly had no access to his legal documents, his petition would still be untimely.